UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| Stephen C. Baca, and | ) | 13-27475 SBB |
| Shelley R. Baca | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ENIGAMI SYSTEMS, INC. and, | ) | |
| CLIFTON CROAN | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-01047 SBB |
| STEPHEN BACA, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION
TO DISMISS PLAINTIFFS' COMPLAINT**

THIS MATTER comes before the Court on the Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss") filed by Defendant, the Debtor in the underlying bankruptcy case, Stephen C. Baca on January 29, 2014 (Docket #6) and the Response thereto filed by Plaintiffs, Enigami Systems, Inc. and Clifton Crown on February 12, 2014 (Docket #7).[1] The Court, having reviewed the pleadings, the within case file, and being otherwise advised in the matter, makes the following findings, conclusions and enters this Order.

Plaintiffs' Complaint requests a determination that their claim be excepted from discharge in the Debtor's Chapter 13 case pursuant to 11 U.S.C. § 1328(a)(4), which Code section provides, generally, that restitution or damages awarded in a civil action as a result of willful or malicious injury by the debtor may be non-dischargeable in bankruptcy.

The Defendant filed his Motion to Dismiss on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted. The Defendant's Motion to Dismiss is filed pursuant to Fed.R.Civ.P. 12(b)(6). The Supreme Court in *Bell Atlantic Corp. v. Twombly*, has held that:

---

[1] Following Plaintiffs' Response, Defendant filed a Reply with the Court on February 24, 2014. Concurrently herewith, the Court is issuing an Order striking the Defendant's Reply for reasons stated therein, chief among which, was the Defendant's failure to seek leave of the Court to file a Reply as required by L.B.R 7007-1.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds of his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[2]

Here, the Defendant requests dismissal of the Plaintiffs' Complaint based on the following two grounds.

First, the Defendant argues that Enigami Systems, Inc., identified by the Plaintiffs in their Complaint as a "Colorado Corporation," is not an "individual" within the meaning of 11 U.S.C. § 1328(a)(4); and is therefore, not entitled to bring a claim of non-dischargeability against the Defendant under that section of the bankruptcy code.

Second, the Defendant argues that Plaintiffs have failed to allege that Defendant's conduct has caused a "personal injury" to the Plaintiffs, as contemplated within the context of section 1328(a)(4). Inherent in Defendant's argument is the proposition that the underlying state court order against the Defendant, awarding the Plaintiffs' attorney fees and costs pursuant to Colorado's Frivolous and Groundless statue, C.R.S. § 13-17-102, is not a "personal injury" within the meaning of 11 U.S.C. § 1328(a)(4). Wherefore, Defendant argues that Plaintiffs' have failed to state a claim upon which relief may be granted by the Court and requests a dismissal of the Plaintiffs' Complaint, with prejudice.

11 U.S.C. § 1328(a)(4) provides , in pertinent parts, as follows:

> . . . the court shall grant the debtor a discharge of all debts provided for by the plan . . . , except any debt—
>
> . . .
>
> (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused *personal injury* to an *individual* or the death of an individual. [emphasis added]

11 U.S.C. § 1328(a)(4)

**I.  Corporate Plaintiff, Enigami Systems, Inc., is not an "individual" entitled to relief under section 1328(a)(4).**

---

[2]   127 S.Ct. 1955, 167 L.Ed.2d (2007).

Defendant argues that because Plaintiff, Enigami Syatems, Inc., is a corporate entity, and not an individual as contemplated by section 1328(a)(4), Enigami Systems, Inc. is not entitled to relief under section 1328(a)(4) of the bankruptcy code. In response, Plaintiffs' assert that Enigami Systems is properly entitled to relief under section 1328(a)(4) because it falls within the definition of a "person," as provided in 11 U.S.C. § 101(4).[3]

However, Plaintiffs seem to completely and inexplicably disregard the ineluctable fact that the term in dispute here is "individual" and not "person," the latter of which appears nowhere within the language of section 1328(a)(4).

Indeed, Plaintiffs' pleadings are completely devoid of any authority or argument whatsoever to support the contention that a corporate entity can be entitled to relief under 11 U.S.C. § 1328(a)(4) as an "individual." To the contrary, case law supports the conclusion that an "individual," as contemplated by Congress within the language of section 523(a), which contains exceptions to discharge provisions similar to section 1328(a)(4), is not defined in the broad sense of a "person" under section 101(4) to include fictitious entities; but rather, in the narrow and more specific sense of a natural, living individual.[4]

Additionally, and not unimportant to this Court's analysis here, is the fact that the bankruptcy code itself defines the term "corporation" in 11 U.S.C. § 101(9) to expressly *exclude the term individual*.[5]

---

[3] Plaintiffs' Response, ¶ 9.

[4] *See e.g., In re Gordon's Music & Sound, Inc.*, 2012 Bankr. LEXIS 6133 (Bankr. E.D. Cal. Oct. 12, 2012)

> Congress' intent is clear, the 11 U.S.C. § 523(a) exceptions to discharge are limited to individual debtors and not the broader universe of "persons" who may be debtors, such as corporations or partnerships. To accept the Plaintiff's contention that Congress intended the word "individual" [*12] to mean "corporation" if there is an "individual" involved in the acts at issue runs counter to the plan meaning of the statute. To accept the Plaintiff's contention would require this court to rewrite the statute and give it a different meaning than enacted by Congress. Such is not the role of the federal courts. *Id.* at *11.

[5] 11 U.S.C. § 101(9) "The term "corporation"— (A)includes— (i)association having a power or privilege that a private corporation, *but not an individual* or a partnership, possesses; . . . ." [emphasis added]

3

For these reasons, the Court concludes that a corporate entity is not entitled to bring a claim of non-dischargeability against a debtor under section 1328(a)(4) - as a matter of law. Consequently, Plaintiffs' have failed to state a claim upon which relief may be granted to Plaintiff, Enigami Systems, Inc. and the Defendant's Motion to Dismiss is **GRANTED** with respect to Plaintiff, Enigami Systems, Inc.

### II. An award of attorney fees and costs under Colorado's Frivolous and Groundless Statute, C.R.S. § 13-17-102, may constitute a "personal injury" under section 1328(a)(4)

Next, the Court considers the Defendant's argument that Plaintiff, Clifton Croan (hereinafter "Plaintiff/Plaintiff Croan"), has failed to allege a "personal injury" suffered by Plaintiff due to the conduct of the Defendant, which, in turn, gave rise to a debt that is non-dischargeable under section 1328(a)(4). As stated above, based on the Plaintiff's Complaint, the issue then becomes whether an award of attorney fees and costs, and, specifically, an award made pursuant to the Colorado's Frivolous and Groundless litigation statue, C.R.S. § 13-17-102, may constitute a "personal injury" within the context of non-dischargeability actions in bankruptcy law.

Plaintiff alleges that a state court award of attorney fees and costs to the Plaintiff for defending a frivolous court action brought by the Defendant on behalf of his client as counsel is a non-dischargeable debt under section 1328(a)(4) pursuant to the opinion of Honorable Judge Romero in *In re Smith*, 321 B.R. 542 (Bankr. D. Colo. 2005). The Defendant argues that the *Smith* case does not apply here because *Smith* dealt with a determination of dischargeability of debt pursuant to section 523(a)(6) and not section 1328(a)(4). For reasons stated below, this Court finds Defendant's argument unpersuasive.

As an initial matter, this Court notes that case law supports the proposition that a claim of "personal injury" within the specific context of section 1328(a)(4) may not be limited to physical bodily injury, but may include non-physical or even financial injuries.[6]

Furthermore, and importantly, in the *Smith* opinion cited by the Plaintiff, Judge Romero concluded that an award of attorney fees and costs can be deemed non-dischargeable based on

---

[6] *See e.g., In re Adams*, 478 B.R. 476 (Bankr. N.D. Ga. 2012)

> Three approaches have emerged for construing the extent of claims covered under "personal injury tort or wrongful death claims. [] First, there is a "narrow approach," which would require physical injury. [] Next, there is a "middle approach," which would include nonphysical injuries but exclude business and financial injuries. Finally, there is a "broad approach," which could include business and financial injuries if they are defined as personal injury torts under non-bankruptcy law.[]" *Id.* at 486. [internal citations omitted].

the facts and nature of a particular case.[7]  Indeed, in the *Smith* case, Judge Romero ultimately concluded that an award of attorney fees and costs against the debtor, made pursuant to Colorado's Frivolous and Groundless litigation statue, C.R.S. § 13-17-102, was non-dischargeable under section 523(a)(6).[8]  Pursuant to *Smith,* a court must review the specific elements of the state court statute and examine the specific findings and conclusions of the state court award to determine whether defendant's actions meet the requisite mental intent necessary to find a debt non-dischargeable.[9]

Here, the Complaint alleges that the award of attorney fees and costs to the Plaintiff was made by the state court pursuant to Colorado's Frivolous and Groundless litigation statue, C.R.S. § 13-17-102.[10]  Additionally, the Complaint summarizes pertinent findings and conclusions made by the state court judge that, if accepted as true, could support a finding that Defendant's conduct in relation to the frivolous and groundless litigation was "willful or malicious."  Therefore, it is plausible that in this instance, based on the findings and conclusions made by the state court, the award of attorney fees and costs granted to the Plaintiff against the Defendant can constitute a non-dischargeable debt under section 1328(a)(4).

For these reasons, the Court finds and concludes that the factual allegations contained in the Plaintiffs' Complaint are sufficient to raise a right to relief for Plaintiff Clifton Croan above the speculative level on the assumption that all of the complaint's allegations are true.

IT IS THEREFORE ORDERED that the Motion to Dismiss is **GRANTED**, **in part**, as to the Plaintiff, Enigami Systems, Inc., and, **DENIED, in part**, as to relief sought by the individual Plaintiff, Clifton Croan.

Dated this 28th day of February , 2014.

BY THE COURT:

*[signature: Sid Brooks]*

Sidney B. Brooks,
United States Bankruptcy Judge

---

[7] *In re Smith*, 321 B.R. 542, 548 (Bankr. D. Colo. 2005) (citing *In re Chaires*, 249 B.R. 101 (Bankr. D. Md. 2000).

[8] *Id.* at 550.

[9] *Id.* at 549-550.

[10] Plaintiff's Complaint, ¶ 15.